UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEREK DUANE RILEY,

 *Petitioner*,

v.

UNITED STATES OF AMERICA,

 *Respondent*.

_____/

CRIMINAL CASE NO. 16-CR-20677
CIVIL CASE NO. 18-CV-10944

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 527)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II. REPORT**

 **A. Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Derek Riley ("Riley" or "Petitioner"). (Doc. 527.) The government responded. (Doc. 534.) Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Riley was charged in Counts one and two of a 35-Count indictment on October 12, 2016. Count one charged Riley with conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. § 846 and 841(a)(1) and Count two charged Riley with possession with intent to distribute cocaine base, cocaine, and heroin in violation of 21 U.S.C. § 841(a)(1).

On December 13, 2016, Riley pleaded guilty to Count one of the indictment and Count two was dismissed pursuant to the Rule 11 agreement. (Doc. 105.) The guideline range, which was not disputed, was 135 to 168 months in prison. (Doc. 105 PageID.473.) On March 24, 2017, Riley was sentenced to 160 months consecutive to the sentence on the supervised release violation under case number 01-CR-20034. (Doc. 169 PageID.891.) Riley did not appeal his conviction or sentence. On March 14, 2018, Riley filed the instant motion to vacate sentence. (Doc. 527.)

In the motion, Riley contends that trial counsel was ineffective: (1) during plea negotiations/bargaining because he agreed to have substances converted to marijuana even though Riley did not enter a plea for marijuana, he allowed a two-point enhancement for maintaining premises for distribution of controlled substance that Riley was not charged with or convicted of, and he allowed a two-point enhancement for possession of firearms that Riley was not charged with or convicted of; and (2) for not negotiating or bargaining for the lesser included offense in Count two, i.e., possession with intent to distribute cocaine base, cocaine, and heroin. (Doc. 527.)

C.     **Analysis and Conclusions**

1.     **Standards**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v.*

*Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

4

### 2. Application

Under his first claim, Riley argues that counsel was ineffective during plea negotiations/bargaining because he agreed to have substances converted to marijuana even though Riley did not enter a plea for marijuana, he allowed a two-point enhancement for maintaining premises for distribution of controlled substance that Riley was not charged with or convicted of, and he allowed a two-point enhancement for possession of firearms that Riley was not charged with or convicted of. (Doc. 527.) Under his second claim, Riley argues that counsel was ineffective for not negotiating or bargaining for the lesser included offense in Count two, i.e., possession with intent to distribute cocaine base, cocaine, and heroin. (Doc. 527.) Both of these claims relate to the plea negotiation process.

It is important to note, at the outset, that Riley does not argue that his plea was not knowing or involuntary, and the "present case is not one in which the defense counsel failed to transmit to the defendant a plea offer by the government" or "failed to explain to the defendant the potential length of his sentence if he proceeded to trial[;]" therefore, counsel did not perform "below an objective standard of reasonableness" as to the choice between taking a plea versus proceeding to trial. *Pough v. United States*, 442 F.3d 959 (6th Cir. 2006); *accord, United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011) (counsel did not perform unreasonably where he informed client of plea offer and advised defendant to accept plea agreement, thus, no need to address prejudice prong of *Strickland* test). Further, in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Riley does not even allege that he would have decided to go to trial absent

counsel's advice; therefore, I suggest that Riley is unable to show prejudice in the plea process and that his motion to vacate could be denied for this reason alone.

I further note that Riley was an active participant in the plea taking process, and when asked if he had any other questions, to "bring them forward[,]" Riley responded, "I'm fine, Your Honor." (Doc. 160 at PageID.846.) Riley was also refreshingly candid and stated, "Like I said in the statement post-Miranda, I said I'm aware of what I've done and I'm sorry for it, didn't want anybody else to get hurt." (Doc. 160 at PageID.850.)

Even if the court were to consider the specific arguments raised, the result would be the same. As to Riley's claim that counsel was ineffective for failing to object to the government's conversion of the two controlled substances that he pleaded guilty to conspiring to distribute (cocaine and heroin) into marijuana, that procedure was proper under U.S.S.G. § 2D1.1. As explained in the Application Note governing how to combine different controlled substances to obtain a single offense level under the guidelines, "[i]n each case, convert each of the drugs to its marihuana equivalent, add the quantities, and look up the total in the Drug Quantity Table to obtain the combined offense level." Application Note 8(B). Thus, counsel was not ineffective for failing to rally against proper application of the sentencing guidelines.

As to Riley's claim that counsel was ineffective for not preventing two-point enhancements for maintaining premises for distribution of controlled substances and for possession of firearms despite not having been convicted for those offenses, Riley admitted to the underlying conduct supporting both of these enhancements. (Doc. 105 at PageID.472.) At the plea taking, Riley was asked, "you have agreed to the factual basis that Ms. Pop read and that's part of this plea agreement, and you do – do you understand that, Mr. Riley? You've agreed to that whole thing?

6

We didn't go through every detail of that as Ms. Pop read it, but you have agreed that that factual basis is correct. Do you agree with that?" (Doc. 160 at PageID.850.) Riley responded, "Yes, Your Honor." (Doc. 160 at PageID.851.) Riley is "bound by these answers during the plea colloquy." *Barnett v. United States*, 2017 WL 4083719, at *2 (6th Cir. Aug. 30, 2017), citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Accordingly, there was no error for defense counsel to have corrected and counsel cannot be considered ineffective for failing to raise frivolous objections.

As to Riley's claim that counsel should have negotiated for him to plead to Count two rather than Count one of the indictment, as noted by the government, conviction under either Count would have resulted in the same penalty because the relevant conduct would have remained the same. (Doc. 534 at PageID.3313.) Thus, counsel cannot be considered ineffective for failing to bargain for an alternative that was of no different consequence than the agreement reached.

### 3. Conclusion

I therefore suggest that Riley has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### D. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an

evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Riley cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Riley is not entitled to a hearing on the allegations raised in his motion.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right

8

of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 7, 2018                             S/ PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Derek Duane Riley #26031-039 at Milan Federal Correctional Institution, Inmate Mail/Parcels, PO Box 1000, Milan, MI 48160.

Date: June 7, 2018                             By s/Kristen Castaneda
                                               Case Manager