UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D-2, DEREK DUANE RILEY,

          Petitioner,                    Case No. 16-cr-20677-02

v.                                                Honorable Thomas L. Ludington
                                                 Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

          Respondent.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On March 16, 2017, Petitioner Derek Duane Riley was sentenced to 160 months of incarceration after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine and heroin. ECF No. 169. On the same day, Riley was sentenced to 30 months incarceration, to be served consecutively to the 160 month sentence, for violating his supervised release. Case No. 01-cr-20034, ECF No. 54. Judgment was entered on March 24, 2017. *Id.*

On March 14, 2018, Riley filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Motion Vacate, ECF No. 527. In that motion, he argued that his attorney, Jerome Sabbota, provided ineffective assistance of counsel during plea negotiations. *Id.* Specifically, that Mr. Sabbota failed to challenge certain enhancement and calculations related to Riley's sentence. *Id.* On June 7, 2018, Judge Morris recommended that Riley's motion be denied. ECF No. 537. On July 2, 2018, Riley filed an objection to her recommendation. ECF No. 551.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be

stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

Petitioner raises seven objections to the report and recommendation, which will be addressed in turn.

## A.

Petitioner's first objection is that Judge Morris adopted the incorrect burden of proof for a motion brought under 28 U.S.C. §2255. Judge Morris cited to *Gall v. United States* which states, "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *U.S. v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). Petitioner contends that the facts of his case differ from those of *Gall* because the petitioner in *Gall* filed "a motion under §2255 to revise his sentence concerning the restitution on crimes which he was not convicted for." ECF No. 551 at 1. In contrast, Petitioner is bringing his §2255 motion for ineffective assistance of counsel. *Id.* However, the standard stated in *Gall* is the one adopted generally for §2255 claims. *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990); *Hill v. United States*, 368 U.S. 424 (1962). Petitioner's attempt to distinguish his case from the standard articulated in *Gall* based solely on a factual difference in the §2255 claim is unconvincing.

Petitioner next argues that instead, the appropriate standard for his case is found in *Lafler v. Cooper*. ECF No. 551 at 1; *Lafler v. Cooper*, 566 U.S. 156, 162–163 (2012). *Lafler* adopted the two-part test established in *Strickland v. Washington* requiring a defendant to show that "counsel's representation fell below an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 106 S.Ct. 366, 369 (1985) (citing to *Strickland v. Washington*, 466 U.S. 688 (1984)); *Lafler v. Cooper*, 566 U.S. 156, 162–163 (2012). It is true that Petitioner must meet this standard articulated in *Lafler* for his claim of ineffective assistance of counsel.

However, this not the standard for a motion under §2255. Petitioner must meet both standards in order to succeed on his claim. Since he has not done so, his first objection will be overruled.

**B.**

Petitioner's second objection takes issue with Judge Morris's finding concerning Petitioner's understanding of his plea agreement. According to Judge Morris, Petitioner was not arguing that his plea was made unknowingly or involuntarily. ECF No. 537 at 5. Nor was Petitioner arguing that Mr. Sabbota failed to inform him of the "potential length of his sentence if he proceeded to trial." *Id.* Petitioner argues that he did not enter the plea agreement knowingly because Mr. Sabbota never explained the sentencing guideline calculations of his guilty plea to him. ECF No. 551 at 2–3. Specifically, he claims that Mr. Sabbota did not inform him that the sentencing ranges were based on an additional two levels for possession of a firearm and an additional two levels for maintaining premises for distribution of a controlled substance. *Id.*

However, Petitioner signed the Rule 11 Plea Agreement with an attached worksheet presenting the offense level calculation. Worksheet A, ECF No. 105. It specifically indicates a 2 level increase for possession of a firearm and a 2 level increase for maintaining premises for distribution of controlled substance. *Id.* Petitioner signed the plea agreement acknowledging that he understood it and agreed to its terms. The agreement makes multiple references to this worksheet outlining the sentencing calculation. Petitioner cannot now argue that Mr. Sabbota failed to disclose these calculations to him when the agreement he signed contained an explanation of the calculations. Accordingly, his second objection will be overruled.

**C.**

Petitioner's third objection is that Mr. Sabbota was ineffective because he used marihuana equivalency to calculate the sentencing range rather than cocaine and heroin. ECF No. 105 at 3–

4. However, Mr. Sabbota was following the U.S. Sentencing Guidelines when he did this. U.S.S.G. §2D1.1. As explained by Judge Morris, Application Note 8(B) of the Sentencing Guidelines addresses how to combine differing controlled substances to calculate a single offense level. It reads:

> The Drug Equivalency Tables also provide a means for combining differing controlled substances to obtain a single offense level. In each case, convert each of the drugs to its marihuana equivalent, add the quantities, and look up the total in the Drug Quantity Table to obtain the combined offense level.

Mr. Sabbota complied with these guidelines in negotiating Petitioner's plea agreement. It is outlined in the agreement's worksheet, which lists the different bases of cocaine and heroin that were used to determine the marijuana equivalency. Worksheet A, ECF No. 105 ("> 711.65 gms cocaine + l27.91 gms cocaine base + 632.06 gms heroin = 1,231.156 kgs marijuana equivalency"). The base offense level was calculated to level 30.

Petitioner argues that his cocaine base offense level should have been Level 24 and that his heroin base offense level should have been Level 26. Obj. at 4. However, Petitioner's proposed calculation does not comply with Application Note 8(B), which governs the combination of controlled substances when obtaining a single offense level. As Judge Morris explains, Petitioner cannot claim that Mr. Sabbota was ineffective because Mr. Sabbota was following the sentencing guidelines. Petitioner has not demonstrated that his sentence was increased by any deficient performance on the part of Mr. Sabbota.

Petitioner also argues that *U.S. v. Booker* and *Apprendi v. New Jersey* require findings of fact related to the guidelines to be resolved by a jury. Obj. at 4. However, the guidelines were used here in the context of plea negotiations, not in the context of a trial.

Petitioner continues by arguing that he did not stipulate to a firearm violation nor to maintaining premises for distribution of a controlled substance. Obj. at 5. However, Worksheet A

of the Plea Agreement lists as offenses "maintaining premises for distribution of controlled substance" and "possession of firearm." Worksheet A, ECF No. 105. Petitioner cannot now claim that he was not informed of these offenses. Accordingly, his objection will be overruled. Furthermore as noted by Judge Morris, Petitioner conceded to these facts in the plea agreement. ECF No. 537 at 6–7.

**D.**

Petitioner's fourth, fifth, and sixth objections are duplicitous and raise arguments already addressed in Judge Morris's recommendation and this opinion. Accordingly these objections will be overruled.

**E.**

In his seventh objection, Petitioner argues that an evidentiary hearing should be held because factual issues exist. Obj. at 7–8. However, Petitioner has only raised two factual issues: (1) whether he was informed of the exact calculations of his base level offense and (2) whether he was aware of the two point enhancement for possession of a firearm and the two point enhancement for maintaining premises for distribution of controlled substance. However, Worksheet A disclosed all of this information and was available to Petitioner when he entered into the plea agreement. Petitioner cannot now claim that he was not given the opportunity to learn of these calculations. Accordingly his objection will be overruled.

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial

showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 551, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 537, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 527, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: October 31, 2018                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager